# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

ALONZO PRICE,                                  :
                                               :
                    Petitioner,                :        Civ. No. 12-2238 (RBK)
                                               :
        v.                                     :        **MEMORANDUM AND ORDER**
                                               :
CHARLES WARREN, et al.,                        :
                                               :
                    Respondents.               :
_____ :

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Among the claims that petitioner raises in his habeas petition is that his trial counsel was ineffective for failing to file a motion to suppress the evidence because an arrest warrant was invalid.  Presently pending before the Court is petitioner's motion to compel the respondent to provide a copy of the arrest warrant for petitioner that was reportedly issued on June 29, 2000.  (*See* Dkt. No. 27.)  Petitioner claims that he needs a copy of this arrest warrant to prove his case.

Petitioner's motion to compel will be denied without prejudice.  Respondent admits that the arrest warrant was invalid.  (*See* Dkt. No. 9 at p. 65 ("The State of New Jersey concedes that the warrant was invalid.").)  Therefore, it appears, moving forward, that the issue will be whether petitioner's trial counsel's performance fell below an objective standard of reasonableness by not moving to suppress evidence due to the invalid arrest warrant and whether petitioner was prejudiced.  At this time, and in light of the respondent's admission, the actual arrest warrant presumably will not be necessary to decide this ineffective assistance of counsel claim.

Nevertheless, in the context of reviewing petitioner's other claims, another procedural matter has come to the Court's attention.  Petitioner argues in one of his claims that the trial

1

court erred in denying his motion for recusal.  (*See* Dkt. No. 1 at p. 7-8.)  In analyzing this claim, this Court must review the last reasoned state court decision.  *See Bond v. Beard*, 539 F.3d 256, 289-90 (3d Cir. 2008).  The last reasoned decision on this claim was from the trial court which denied petitioner's motion for recusal from the bench as the Appellate Division denied this claim without discussion on direct appeal.  However, the transcripts provided to the Court by respondent are missing pages 5-6 of the August 9, 2004 transcript where the trial court denied the motion for recusal.  (*See* Dkt. No. 10-5.)  Therefore, the respondent shall be ordered to file the missing two pages of the transcript so that the Court can rule on petitioner's recusal claim. Once those missing pages are filed, petitioner's entire habeas petition will be analyzed in due course.

Accordingly, IT IS this  23rd  day of  March,  2015,

ORDERED that petitioner's motion to compel (Dkt. No. 27.) is denied without prejudice; and it is further

ORDERED that respondent shall file and serve pages 5-6 of the August 9, 2004 transcript (Dkt. No. 10-5.) within fourteen (14) days of the date of this Order.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge